IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KENNETH KNOCKUM, an individual,

Plaintiff,

No. 2:12-cv-0416 GEB DAD PS

v.

BAC HOME LOANS SERVICING, L.P.; RECONTRUST COMPANY, N.A.; and Office of CHARLES H. NOWSKI successor, individually, and in his official capacity as CFO of BANK OF AMERICA,

Defendants.

ORDER AND FINDINGS AND RECOMMENDATIONS

_________________________________/

This matter came before the court on March 30, 2012, for hearing of defendants' motion to dismiss pro se plaintiff Kenneth Knockum's complaint. (Doc. No. 7.) Attorney Brendan F. Hug appeared telephonically for defendants Bank of America, N.A., ("BANA") and ReconTrust Company, N.A., ("ReconTrust"). Plaintiff Kenneth Knockum appeared in person at the hearing on his own behalf. Oral argument was heard, and the defendants' motion was taken under submission.

BACKGROUND

Plaintiff commenced this action by filing a complaint in the Solano County Superior Court on January 20, 2012. (Defs' Notice of Removal (Doc. No. 1-1), Ex. A.) Therein,

plaintiff alleged causes of action against defendants BANA and ReconTrust ("defendants") for violations of Title 18 of the United States Code, 15 U.S.C. § 1692g, "RESPA, AND TILA." (Compl. (Doc. No. 1-1) at 7.[1]) On February 17, 2012, defendants removed the matter to this court from the Solano County Superior Court pursuant to 28 U.S.C. § 1441. (Doc. No. 1.)

On February 29, 2012, defendants filed a motion to dismiss plaintiff's complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and noticed that matter for hearing before the undersigned on March 30, 2012. (Doc. No. 7.) Plaintiff failed to file a timely opposition and on March 27, 2012, defendants filed a notice of statement of non-opposition.[2] (Doc. No. 8.)

Plaintiff did, however, appear at the noticed March 30, 2012 hearing of defendants' motion. The undersigned questioned plaintiff regarding his opposition, if any, to granting defendants' motion. Plaintiff stated that his opposition could be found in confidential documents which he requested be filed with the court under seal. Counsel for defendants stated his non-opposition to the court considering plaintiff's ex parte request to seal. Thereafter, the undersigned accepted plaintiff's documents for in camera review.

/////

/////

/////

---

[1] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

[2] Defendants' motion could be granted for that reason alone. See Local Rule 230(c) (providing that opposition to granting of the motion shall be in writing and filed and served not less than fourteen days preceding the noticed or continued hearing date); Local Rule 110 (providing that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."); Local Rule 183 (governing persons appearing in pro se and providing that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be ground for dismissal, judgment by default, or other appropriate sanction); see also Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").

STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6)[3] is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662,___, 129 S. Ct. 1937, 1949 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. United States ex rel. Chunie v. Ringrose, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 129 S. Ct. at 1949. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555; Iqbal, 129 S. Ct. at 1950 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have

[3] Unless otherwise noted, all references to a "Rule" are to the Federal Rules of Civil Procedure.

not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

In ruling on the motion, the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001).

ANALYSIS

Pursuant to Federal Rule of Civil Procedure 5.2(d), a court "may order that a filing be made under seal without redaction." However, even if a court orders an unredacted version of a document filed under seal, it may "later unseal the filing or order the person who made the filing to file a redacted version for the public record." Id. "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 & n.7 (1978)). The Ninth Circuit has addressed the standards governing motions to seal documents, explaining that:

> Two standards generally govern motions to seal documents like the one at issue here. First, a "compelling reasons" standard applies to most judicial records. See Kamakana v. City & County of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (holding that "[a] party seeking to seal a judicial record ... bears the burden of ... meeting the 'compelling reasons' standard"); Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1135-36 (9th Cir. 2003). This standard derives from the common law right "to inspect and copy public records and documents, including judicial records and documents." Kamakana, 447 F.3d at 1178 (citation and internal quotation marks omitted). To limit this common law right of access, a party seeking to seal judicial records must show that "compelling reasons supported by specific factual findings ... outweigh the general history of access and the public policies favoring disclosure." Id. at 1178-79 (internal quotation marks and citations omitted).

***

/////

> The relevant standard for purposes of Rule 26(c) is whether "'good cause' exists to protect th[e] information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1213 (9th Cir. 2002). This "good cause" standard presents a lower burden for the party wishing to seal documents than the "compelling reasons" standard. The cognizable public interest in judicial records that underlies the "compelling reasons" standard does not exist for documents produced between private litigants. See Kamakana, 447 F.3d at 1180 (holding that "[d]ifferent interests are at stake with the right of access than with Rule 26(c)"); Foltz, 331 F.3d at 1134 ("When discovery material is filed with the court ... its status changes.").
>
> The "good cause" standard is not limited to discovery. In Phillips, we held that "good cause" is also the proper standard when a party seeks access to previously sealed discovery attached to a nondispositive motion. 307 F.3d at 1213 ("when a party attaches a sealed discovery document to a nondispositive motion, the usual presumption of the public's right of access is rebutted"). Nondispositive motions "are often 'unrelated, or only tangentially related, to the underlying cause of action,'" and, as a result, the public's interest in accessing dispositive materials does "not apply with equal force" to non-dispositive materials. Kamakana, 447 F.3d at 1179. In light of the weaker public interest in nondispositive materials, we apply the "good cause" standard when parties wish to keep them under seal. Applying the "compelling interest" standard under these circumstances would needlessly "undermine a district court's power to fashion effective protective orders." Foltz, 331 F.3d at 1135.

Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-78 (9th Cir. 2010) (footnote omitted).

Here, the "good cause" standard applies to plaintiff's ex parte request to file under seal because the documents in question are nondispositive materials and are not judicial records. However, contrary to plaintiff's assertion at the hearing that the documents he submitted contain confidential information, review of those documents reveal that they consist merely of a certified copy of plaintiff's birth certificate and a certified copy of a one-page, and rambling, document that purports to create a "naked trust" in plaintiff's name. In this regard, the undersigned finds there is not good cause to file these documents underseal. Moreover, the documents are entirely irrelevant to this action and in no way constitute opposition to defendants' motion.

/////

Accordingly, based upon its in camera review of the documents without objection by defendants, plaintiff's ex parte request to seal will de denied and the documents he submitted for the court's review will be returned to plaintiff.

Turning to defendants' motion, upon consideration of the briefing on file, the parties' arguments at the hearing, the documents submitted by plaintiff in opposition, and the entire file in this action, the undersigned finds that plaintiff's complaint is deficient in several respects and will recommend that defendants' motion to dismiss be granted.

I. Rule 8

The minimum requirements for a civil complaint in federal court are as follows:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Fed. R. Civ. P. 8(a).

Although the Federal Rules of Civil Procedure adopt a flexible pleading policy, a complaint must give the defendant fair notice of the plaintiff's claims and must allege facts that state the elements of each claim plainly and succinctly. Fed. R. Civ. P. 8(a)(2); Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancements.'" Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 555, 557). A plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support the plaintiff's claims. Jones, 733 F.2d at 649. A complaint must also contain "a short and plain statement of the grounds for the court's jurisdiction" and "a demand for the relief sought." Fed. R. Civ. P. 8(a)(1) & 8(a)(3).

Here, the allegations found in plaintiff's complaint fail to satisfy the pleading requirements set forth in Rule 8. In this regard, plaintiff's complaint is devoid of any factual

allegations stating the elements of any claim plainly or succinctly and is instead replete with vague and conclusory allegations.

With respect to defendants' specific conduct, the complaint does not allege any facts, but instead alleges merely that defendants have committed "felonious acts" that could be considers "extortion and acts of terrorism and acts of war against the United States." (Compl. (Doc. No. 1-1) at 11.) In this regard, the complaint states:

> It is now incumbent on this Honorable Court and all officers of this Court to sequester Defendants' attorneys until such time as this Court can determine [if] Defendants' attorneys & trustee have been completely forthright and open with this Court about Defendants' future terroristic (sic) objectives.

(Id. at 12.) The complaint also alleges that the defendants have done "more damage to the United States through their 'terrorist activities' than the damage done by their fellow terrorists on September 11, 2001. (Id. at 13.)

II. Title 18 of the United States Code

Although not addressed with any degree of specificity, plaintiff's complaint alleges in a vague and conclusory manner that the defendants have violated various provisions of Title 18 of the United States Code. Title 18 of the United States Code, however, covers "Crimes and Criminal Procedures," and private parties generally lack standing to enforce federal criminal statutes. See Glassey v. Amano Corp., No. C-05-01604 RMW, 2006 WL 889519, at *3 (N.D. Cal. Mar. 31, 2006); see also Ellis v. City of San Diego, 176 F.3d 1183, 1189 (9th Cir. 1999) (affirming district court's dismissal of sixteen claims based on sections of the California Penal Code because "these code sections do not create enforceable individual rights"); Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980) (holding that criminal statutes 18 U.S.C. §§ 241 and 242 "provide no basis for civil liability").

III. 15 U.S.C. § 1692g

The Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., regulates conduct between consumers and "debt collectors." See Jerman v. Carlisle, McNellie,

Rini, Kramer & Ulrich LPA, ___U.S.___,___, 130 S.Ct. 1605, 1608 (2010); Rowe v. Education Credit Mgmt. Corp., 559 F.3d 1028, 1031 (9th Cir. 2009). Plaintiff's complaint, however, does not allege that either defendant named in this action is a debt collector. Jara v. Aurora Loan Services, No. C 11-00419 LB, 2012 WL 1094348, at *5 (N.D. Cal. Mar. 30, 2012) ("To be held liable for violation of the FDCPA, a defendant must fall within the FDCPA's definition of 'debt collector.'").

Instead, it appears from the allegations found in plaintiff's complaint that the defendants are merely attempting to execute a non-judicial foreclosure of plaintiff's home. The FDCPA does not apply to non-judicial foreclosure since a debt collector for purposes of the Act does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned. Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985), modified on other grounds,761 F.2d 237 (5th Cir. 1985). Moreover, foreclosing on the subject property pursuant to a Deed of Trust is not the collection of a debt within the meaning of the FDCPA. Yossa v. Countrywide Home Loans, Inc., No CIV. S-12-0023 MCE GGH PS, 2012 WL 761991, at *4 (E.D. Cal. Mar. 7, 2012); Ines v. Countrywide Home Loans, No. 08cv1267 WQH (NLS), 2008 WL 4791863, at *2 (S.D. Cal. Nov. 3, 2008); Hulse v. Ocwen Federal Bank, FSB, 195 F. Supp.2d 1188, 1204 (D. Or. 2002).

IV. RESPA

The Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607, et seq., "creates a private right of action for only three types of wrongful acts: (1) payment of a kickback and unearned fees for real estate settlement services, 12 U.S.C. § 2607(a), (b); (2) requiring a buyer to use a title insurer selected by the seller, 12 U.S.C. § 2608(b); and (3) the failure by a loan servicer to give proper notice of a transfer of servicing rights or to respond to a qualified written request . . . for information about a loan, 12 U.S.C. § 2605(f)." Choudhuri v. Wells Fargo Bank, N.A., No. C 11-00518 SBA, 2011 WL 5079480, at *8 (N.D. Cal. Oct. 25, 2011).

/////

Moreover, under 12 U.S.C. § 2614, "[p]rivate parties must bring claims for RESPA violations within one year from the date of the occurrence of the violation. Barring extenuating circumstances, the date of the occurrence of the violation is the date on which the loan closed."[4] Ayala v. World Sav. Bank, FSB, 616 F. Supp.2d 1007, 1020 (C.D .Cal. 2009) (internal quotation marks and citations omitted). See also Jensen v. Quality Loan Serv. Corp., 702 F. Supp.2d 1183, 1195 (E.D. Cal. 2010) ("[C]ourts have considered the 'occurrence of the violation' as the date the loan closed."). "The primary ill that [RESPA] is designed to remedy is the potential for unnecessarily high settlement charges, . . . caused by kickbacks, fee splitting, and other practices that suppress price competition for settlement services. This ill occurs, if at all, when the plaintiff pays for the tainted services, typically at the closing." Jensen, 702 F. Supp.2d at 1195 (quoting Snow v. First Am. Title Ins. Co., 332 F.3d 356, 359-60 (5th Cir. 2003)).

Here, plaintiff's complaint fails to allege any facts that would support a cause of action under RESPA. Moreover, the complaint also fails to allege what actual damages plaintiff has suffered as a result of defendants alleged RESPA violation. "At the pleading stage, the plaintiff must include a demonstration of some actual pecuniary loss and a causal relationship between the alleged damages and the RESPA violation." Cuaresma v. Deustche Bank Nat. Co., No. C-11-03829 RMW, 2011 WL 4727805, at *5 (N.D. Cal. Oct. 7, 2011). See also Hussein v. Wells Fargo Bank, No. CIV S-11-1023 KJM DAD (TEMP) PS, 2011 WL 2215815, at *3 (E.D. Cal. June 6, 2011) (recommending dismissal of RESPA claim, in part, because plaintiff failed "to allege what actual damages he suffered as a result of the alleged failure to respond to the QWR."); Padilla v. One West Bank, No. 10-04080 CW, 2010 WL 5300900, at *6 (N.D. Cal. Dec. 20, 2010) ("The plaintiff must include, at the pleading state, a demonstration of some actual pecuniary loss."); Farias v. FCM Corp., Civil No. 10cv260 L(CAB), 2010 WL 4806894, at *3

[4] Actions brought pursuant to violations of 12 U.S.C. § 2605, however, may be brought within three years of the date of the occurrence of the violation. 12 U.S.C. § 2614.

(S.D. Cal. Nov. 18, 2010) ("Under section 2605(f)(1), plaintiff must, at a minimum, allege the 'actual damages' he suffered as a result of Litton's failure to respond to his QWR.").

V. TILA

The Truth in Lending Act ("TILA") is a consumer protection statute that aims to "avoid the uninformed use of credit." 15 U.S.C. § 1601(a). TILA "has the broad purpose of promoting 'the informed use of credit' by assuring 'meaningful disclosure of credit terms' to consumers." Ford Motor Credit Co. v. Milhollin, 444 U.S. 555, 559 (1980) (quoting 15 U.S.C. § 1601). There are two potential remedies available under a TILA claim–damages and rescission. An action for damages under TILA must be brought within one year of the violation. 8 U.S.C. § 1640(e). A TILA violation occurs on "the date of consummation of the transaction," King v. State of Cal., 784 F.2d 910, 915 (9th Cir. 1986), and "consummation" means "the time that a consumer becomes contractually obligated on a credit transaction." 12 C.F.R. § 226(a)(13).

With respect to rescission under TILA, "when a loan made in a consumer credit transaction is secured by the borrower's principal dwelling, the borrower may rescind the loan agreement if the lender fails to deliver certain forms or to disclose important terms accurately." Beach v. Ocwen Fed. Bank, 523 U.S. 410, 411 (1998) (citing 15 U.S.C. § 1635). Title 15 § 1635(a) provides that a borrower initially has three days following the consummation of the transaction or the delivery of the disclosure forms required under § 1635 to notify the creditor of his intent to rescind. However, if the creditor either fails to provide notice of the borrower's right of rescission, or fails to make a material disclosure, the three-day period is extended to three years. See Miguel v. Country Funding Corp., 309 F.3d 1161, 1163 (9th Cir. 2002) (citing 15 U.S.C. § 1635(f); 12 C.F.R. § 226.23(a)(3)).

Here, plaintiff's complaint is deficient in that it fails to allege any facts in support of his TILA claim and fails to allege what remedy he seeks.

/////

/////

LEAVE TO AMEND

For the reasons set forth above, the undersigned will recommend that defendants' motion to dismiss be granted and that plaintiff's complaint be dismissed. The court has carefully considered whether plaintiff may amend his complaint to state a cognizable claim upon which relief could be granted. "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." California Architectural Bldg. Prod. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988). See also Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983) (holding that while leave to amend shall be freely given, the court does not have to allow futile amendments).

Here, in light of the deficiencies found in the complaint, plaintiff's failure to file timely opposition, plaintiff's statements at the March 30, 2012 hearing of defendants' motion and the irrelevant and illogical nature of the documents submitted by plaintiff at the hearing in opposition to the defendants' motion to dismiss, the undersigned finds that granting leave to amend in this case would be futile.

CONCLUSION

Accordingly, IT IS HEREBY ORDERED that plaintiff's March 30, 2012 ex parte request to seal is denied. The Clerk of the Court is directed to return the documents submitted to plaintiff at his address of record.

IT IS HEREBY RECOMMENDED that:

1. Defendants' February 23, 2012 motion to dismiss (Doc. No. 4), re-noticed for hearing before the undersigned on February 29, 2012 (Doc. No. 7) be granted;

2. Plaintiff's complaint (Doc. No. 1-1) be dismissed without leave to amend; and

3. This matter be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 24, 2012.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.pro se\knockum416.mtd.f&rs