IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH KNOCKUM, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>BAC HOME LOANS SERVICING, L.P.; RECONTRUST COMPANY, N.A.; and Office of CHARLES H. NOWSKI successor, individually, and in his official capacity as CFO of BANK OF AMERICA,<br><br>    Defendants.<br>_____ | 2:12-cv-00416-GEB-DAD<br><br>ORDER OF DISMISSAL |

An order, filed on September 25, 2012, granted Defendants Bank of America, N.A., successor by merger to BAC Home Loans Servicing, L.P., and Recontrust Company, N.A. ("Defendants")' dismissal motion in part. (ECF No. 11.) Specifically, the September 25th order granted the portions of Defendants' dismissal motion which sought dismissal of Plaintiff's Complaint under Federal Rule of Civil Procedure ("Rule") 8 and Plaintiff's Title 18 claim under Rule 12(b)(6). Id. at 2:4-6. The September 25th Order dismissed Plaintiff's Title 18 claim with prejudice and granted Plaintiff leave until October 15, 2012, to file a First-Amended Complaint addressing the deficiencies in any claim dismissed

without prejudice. Id. at 2:7-9. The September 25th order warned Plaintiff that "the action may be dismissed with prejudice under [Rule] 41(b) if Plaintiff fail[ed] to file an amended complaint on or before October 15, 2012." Id. at 2:10-12.

Plaintiff did not file an amended complaint within the prescribed time period, and Defendants have moved for dismissal of this action with prejudice under Rule 41(b) "on the grounds that the Plaintiff has: 1) not complied with the Court's Order of September 25, 2012; and 2) otherwise failed to prosecute this action." (Defs.' Mot. to Dismiss 2:8-12, ECF No. 14.)

"District courts have inherent power to control their dockets and may impose sanctions, including dismissal, in the exercise of that discretion." Oliva v. Sullivan, 958 F.2d 272, 273 (9th Cir. 1991). However, since "dismissal is a harsh penalty, it should be imposed as a sanction only in extreme circumstances." Id.

"Under Ninth Circuit precedent, when a plaintiff fails to amend his complaint after the district judge dismisses the complaint with leave to amend, the dismissal is typically considered a dismissal for failing to comply with a court order rather than for failing to prosecute the claim." Yourish v. Cal. Amplifier, 191 F.3d 983, 986 (9th Cir. 1999)(citation omitted). To dismiss a case as a sanction, "the district court must consider five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." Id. at 990 (internal quotation marks and citations omitted).

1    The first and second factors weigh in favor of dismissal in this case because Plaintiff's non-compliance with above referenced order has impaired the public's interest in expeditious resolution of litigation and undermines the Court's ability to manage its docket. See Yourish, 191 F.3d at 990 (9th Cir. 1999) ("the public's interest in expeditious resolution of litigation always favors dismissal"); Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (stating "[i]t is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants").

    The third factor concerning the risk of prejudice to Defendants considers the strength of Plaintiff's excuse for non-compliance. See Pagtalunan, 291 F.3d at 642-43 (stating that "the risk of prejudice [is related] to the plaintiff's reason for defaulting"). Since Plaintiff has provided no reason for his non-compliance, the third factor also favors dismissal.

    The fourth factor concerning the public policy favoring disposition of cases on their merits, weighs against dismissal of Plaintiff's case. Pagtalunan, 291 F.3d at 643 ("Public policy favors disposition of cases on the merits").

    The fifth factor concerning whether the Court has considered less drastic sanctions, also weighs in favor of dismissal since Plaintiff failed to amend his complaint within the prescribed time period despite the warning that the action could be dismissed with prejudice as a result. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) (stating "a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement").

Since the balance of the factors strongly favors dismissal of this action with prejudice, this action is dismissed with prejudice and judgment shall be entered in favor of Defendants.

Dated:  November 6, 2012

_____
GARLAND E. BURRELL, JR.
Senior United States District Judge